UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NORMAN HOEWISCHER,

        Plaintiff,

vs.                                         Case No.  3:11-cv-769-J-12MCR

JOE'S PROPERTIES, LLC,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Judgment After Default (Doc. 14) filed December 19, 2011, which was referred to the undersigned.  In the Motion, Plaintiff Norman Hoewischer seeks entry of a default judgment against Defendant Joe's Properties, Inc. pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  To date, Defendant has not filed a response; therefore, the Court will treat the Motion as unopposed.

**I.**       **PROCEDURAL HISTORY**

On August 2, 2011, Plaintiff filed this action against Defendant, seeking injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). (Doc. 1).

On September 7, 2011, Plaintiff perfected service of process on Defendant. (Doc. 7).  On October 17, 2011, Defendant filed a *pro se* Answer.  (Doc. 5).  On October 18, 2011, the Court entered an Order directing Defendant corporation to hire legal

counsel and have said counsel file a notice of appearance or to file a motion seeking to waive the requirement to hire counsel no later than November 11, 2011.[1]  (Doc. 6). When Defendant failed to respond, the Court entered an Order to Show Cause directing Defendant to file a written response as to why sanctions, including entry of a default, should not be imposed.  (Doc. 10).  Defendant again failed to file a response and a Clerk's Default was entered on December 5, 2011.  (Docs. 11, 12).  On December 19, 2011, Plaintiff filed the instant Motion for Judgment After Default (Doc. 14), which is now ripe for judicial review.

## II.    STANDARD

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment.  First, when the defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant.  Fed. R. Civ. P. 55(a).  Second, after receiving the clerk's default, the court may enter a default judgment against the defendant for not appearing.  Fed. R. Civ. P. 55(b).  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue."  <u>Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.</u>, 803 F.2d 1130, 1134 (11th Cir. 1986).

---

[1] While a defendant has a statutory right to represent himself in all courts of the United States, 28 U.S.C. §1654, the Eleventh Circuit has stated that "[t]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."  <u>Palazzo v. Gulf Oil Corp.</u>, 764 F.2d 1381, 1385 (11th Cir. 1985). Additionally, Rule 2.03(d) , Local Rules, United States District Court, Middle District of Florida states that "[a] corporation may appear and be heard only through counsel admitted to practice in the Court ...."

The law is well settled that through his or her default, a defendant "admit[s] [a] plaintiff's well-pleaded allegations of fact ..." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).  However, "a defendant's default does not in itself warrant the court entering a default judgment." Nishimatsu, 515 F.2d at 1206; see also Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (stating that "[a] motion for default judgment is not granted as a matter of right").  Indeed, a sufficient basis must exist in the pleadings for the judgment entered.  A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id.

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief.  Fed. R. Civ. P. 8(a).  A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (U.S. 2007).

However, although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (citations omitted).  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009)   Thus, in

-3-

ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered. See Nishimatsu, 515 F.2d at 1206.

## III.   ANALYSIS

In order to prevail under Title III of the ADA, a plaintiff generally has the burden of proving: (1) that he is an individual with a disability; (2) that defendant is a place of public accommodation; and (3) that defendant denied his full and equal enjoyment of the goods, services, facilities or privileges offered by defendant (4) on the basis of his disability. Schiavo ex rel. Schindler v. Schiavo, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005) (citation omitted), aff'd, 403 F.3d 1289 (11th Cir. 2005).  "Further, if the claim alleges discrimination due to an architectural barrier, the plaintiff is also required to show that it is a barrier prohibited by the ADA, the removal of which is 'readily achievable.'" Pinero v. 4800 W. Flagler, L.L.C., 2011 U.S. Dist. LEXIS 9386, 2011 WL 346082, at *3 (S.D. Fla. Jan. 11, 2011) (citation omitted).  "'Readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9); see also Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F.3d 1269 (11th Cir. 2006) (applying the "readily achievable" standard).

Additionally, "[a] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.  A plaintiff must demonstrate: (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is

warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006). "To issue a permanent injunction under the ADA ... the Court must apply the same factors as it would in any other case in which a plaintiff sought a permanent injunction." Wilson v. Broward Cnty., Fla., 2008 U.S. Dist. LEXIS 20017, 2008 WL 708180, at *1 (S.D. Fla. Mar. 14, 2008).

Upon review of the allegations in Plaintiff's Complaint, the Court concludes that Plaintiff has failed to allege sufficient facts to support a default judgment. The Complaint's most notable deficiencies are addressed below.

**A.      Standing**

In order to satisfy Article III's standing requirements, a plaintiff must demonstrate (1) an injury in fact; (2) a causal connection between the injury and conduct complained of; and (3) that it is likely that the injury will be redressed by a favorable court ruling. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Furthermore, the injury in fact must be (1) concrete and particularized and (2) actual or imminent, not conjectural or hypothetical. Id. at 560. Here, Plaintiff merely asserts that he has "suffer[ed] direct and indirect injury," and that he was "preclude[d] and/or limit[ed] access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein." (Doc. 1). These conclusions are

not supported by any facts from which the Court may infer what Plaintiff's concrete and particularized injuries actually are.[2]

Where a plaintiff alleges only that certain barriers "discriminated against" him, denied him "full and equal access," and "personally limited" him, the plaintiff fails to state a claim for relief because the allegations are factually deficient. Campbell v. Grady's Bar, Inc., 2010 U.S. Dist. LEXIS 69051, 2010 WL 2754328, at *2 (S.D. Fla. July 12, 2010). Here, the Court cannot discern which barriers were actually encountered by Plaintiff, as his Complaint merely states that he "visited the [f]acility, encountered barriers to access at the [f]acility, and engaged and tested those barriers, suffered legal harm and legal injury." (Doc. 1). Therefore, despite the list of barriers provided, the Court cannot discern what injuries Plaintiff actually suffered. Further, the Court cannot determine whether there is a causal connection between any injury and the conduct complained of, or whether any injury can be remedied by a court ruling. For these reasons, Plaintiff has failed to sufficiently allege that he has standing to bring this action.

### B.     Readily Achievable

Plaintiff's Complaint fails to properly allege that the removal of the barriers he encountered at Defendant's facility is "readily achievable." Here, Plaintiff merely alleges that "[t]he removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense." (Doc. 1, p. 7). Mere recitation of the statutory definition of

---

[2]Indeed, the Complaint does not even identify the type of facility at issue, much less any particulars about the facility.

"readily achievable" is not sufficient to plead that the removal of the challenged barriers is, in fact, "readily achievable."[3] <u>Twombly</u>, 550 U.S. at 555; <u>see</u> <u>also</u> <u>Iqbal</u>, 129 S. Ct. at 1951 (holding that a legal conclusion itself is not entitled to an assumption of truth). Because barrier removal requirements do not apply where removal is not "readily achievable," Plaintiff has failed to state a claim for which relief may be granted.

### C.    Injunctive Relief

Finally, Plaintiff's allegations are insufficient to support the "extraordinary and drastic remedy" of a permanent injunction. <u>Wilson</u>, 2008 U.S. Dist. LEXIS 20017, 2008 WL 708180, at *2; <u>see</u> <u>also</u> <u>Nat'l Airlines, Inc. v. Airline Pilots Ass'n Int'l</u>, 431 F. Supp. 53, 55 (S.D. Fla. 1976) ("The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights ..."). Plaintiff alleges only that he "intends to visit the Facility again in

---

[3] The following factors should be considered when evaluating whether barrier removal is "readily achievable":

(A)    the nature and cost of the action needed under this chapter;
(B)    the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
(C)    the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
(D)    the type of operation or operations of the covered entity, including the composition, structure, and function of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9).

the near future." (Doc. 1).  While specific dates of return may not be required, "'some day' intentions - without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of 'actual or imminent' injury that our cases require."[4]  Lujan, 504 U.S. at 564.  In asserting only that he will return to Defendant's facility at some point in the near future, Plaintiff has failed to allege any facts that tend to show that a threat of future injury is more than speculative.  Therefore, he has failed to state a claim for which the requested relief may be granted.

Furthermore, Plaintiff has also failed to plead all of the above-mentioned elements necessary to obtain a permanent injunction.  Such a deficiency also precludes Plaintiff from stating a claim for which the requested relief may be granted.  See Danning, 572 F.2d at 1388 (stating that claims which are not well-pleaded cannot support a judgment).

## IV.   CONCLUSION

The Court finds that Plaintiff has failed to allege sufficient facts to support a default judgment.  However, the Court will allow Plaintiff an opportunity to re-plead and re-serve his complaint.  Accordingly, it is

---

[4] Factors to consider when analyzing the likelihood of actual future injury are "'(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near defendant.'" Fox v. Morris Jupiter Assocs., 2007 U.S. Dist. LEXIS 70884, 2007 WL 2819522, at *4 (S.D. Fla. Sept. 25, 2007) (citations omitted).  Plaintiff failed to allege any facts relating to any of these factors.

**ORDERED:**[5]

Plaintiff's Motion for Entry of Judgment After Default (Doc. 14) is **DENIED without prejudice** to filing an amended complaint in compliance with this Order no later than **Wednesday, February 8, 2012**.  If an amended complaint is filed, Plaintiff must properly serve it on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure no later than **Friday, February 29, 2012.**[6]

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  18th  day of January, 2012.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party

---

[5] Failure to comply with this Order may result in a recommendation that the case be dismissed for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and/or want of prosecution.

[6] If Plaintiff presents the Clerk of Court with a properly completed summons for service of an amended complaint, the Clerk shall sign, seal, and issue said summons. See Fed. R. Civ. P. 4(b).