UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NORMAN HOEWISCHER,

        Plaintiff,

vs.                                                Case No.  3:11-cv-769-J-12MCR

JOE'S PROPERTIES, LLC,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before on Plaintiff's Motion for Clerk's Default (Doc. 41) filed June 5, 2013.  Defendant has failed to file a response and the time for doing so has passed.  Accordingly, the undersigned will treat this motion as though it were unopposed.

On April 15, 2013, this Court entered an Order (Doc. 35) granting Defendant's Counsel's Motion to Withdraw as Attorney (Doc. 34) and directing Defendant Joe's Properties, LLC, to obtain counsel and file a notice of appearance no later than May 1, 2013.  When Defendant failed to comply with the Court's Order, the Court entered an Order to Show Cause (Doc. 35).  The deadline for responding to the Order to Show Cause was May 16, 2013.  In the Order to Show Cause the Court cautioned Defendant that failure to comply with the Order could result in sanctions, including entry of default. As of this date, Defendant remains without counsel.

Local Rule 2.03(e), M.D. Fla., states that corporations may only appear and be heard through counsel.  A district court may default a defendant pursuant to Rule 55 for failure to follow the Local Rules.  See, e.g., Compania Interamericana Export-Import, S.A., v. Compania Dominicana de Aviacion, 88 F.3d 948 (11th Cir. 1996).[1]  Indeed, other courts have held that entry of default is a proper sanction for a defendant corporation's failure to obtain counsel.  See e.g., Kaplun v. Lipton, 2007 U.S. Dist. LEXIS 15287, 2007 WL 707383 (S.D. Fla. Mar. 5, 2007) (entering default judgment against corporate defendant for failure to obtain counsel per court order); Tumi v. Wally's Waterfront, Inc., 2007 U.S. Dist. LEXIS 15276, 2007 WL 678013 (M.D. Fla. Mar. 5, 2007) (finding entry of default judgment appropriate after corporate defendant failed to obtain counsel as directed by court).

This Court has given Defendant ample opportunity to comply with the Local Rules of this Court as well as this Court's orders, and as of this date, it remains noncompliant.  The Court now finds default judgment may be appropriate.

Accordingly, after due consideration, it is

**ORDERED:**

---

[1] In Interamericana Export, the Eleventh Circuit upheld a district court's decision to default a corporation for failure to obtain counsel. Id. at 951-52. The district court's primary reason for entering a default was Dominicana's failure to retain new counsel after the court allowed withdrawal of its former counsel. Id. at 950. Dominicana contended that it experienced financial difficulties resulting in an inability to obtain new counsel. Id.  The court noted that Dominicana's difficulties may have been "real" and its noncompliance was not likely "willful" in a strict sense, but found the entry of default appropriate nonetheless. Id. at 952. In upholding the entry of default, even when Dominicana obtained counsel after the deadline passed, the Eleventh Circuit reasoned that, although some courts had specifically considered culpability or willfulness in upholding defaults, "if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Id. (internal citations omitted).

1. Plaintiff's Motion for Clerk's Default (Doc. 41) is **GRANTED**.

2. Plaintiff shall file a Motion for Final Default Judgment against Defendant Joe's Properties, LLC no later than **Friday, June 28, 2013.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __20th__ day of June, 2013.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

Joe's Properties, LLC
c/o Joe Joseph
6818 Madrid Avenue,
Jacksonville, Florida 32217