UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NORMAN HOEWISCHER,

                  Plaintiff,

vs.                                      Case No.  3:11-cv-769-J-12MCR

JOE'S PROPERTIES, LLC,

                  Defendant.

_____/

## REPORT AND RECOMMENDATION [1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Judgment After Default (Doc. 45) filed June 28, 2013, which was referred to the undersigned.  In the Motion, Plaintiff Norman Hoewischer seeks entry of a default judgment against Defendant Joe's Properties, Inc. pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Specifically, Plaintiff requests the Court's judgment enjoin Defendant from discriminating against individuals with disabilities and award attorney's fees and costs incurred in this action.  To date, Defendant has not filed a response; therefore, the Court will treat the Motion as unopposed.

## I.    PROCEDURAL HISTORY

On August 2, 2011, Plaintiff filed this action against Defendant, seeking injunctive

---

[1]      Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 29 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  (Doc. 1).  On September 7, 2011, Plaintiff perfected service of process on Defendant.  (Doc. 7).  On October 17, 2011, Defendant filed a *pro se* Answer.  (Doc. 5).

On October 18, 2011, the Court entered an Order directing Defendant corporation to hire legal counsel and file a notice of appearance, or file a motion seeking to waive the requirement to hire counsel.[2]  (Doc. 6).  When Defendant failed to respond, the Court entered an Order to Show Cause directing Defendant to file a written response as to why sanctions, including entry of a default, should not be imposed.  (Doc. 10).  Defendant failed to file a response, and a Clerk's Default was entered on December 5, 2011.  (Docs. 11, 12).

On December 19, 2011, Plaintiff filed his first Motion for Entry of Judgment After Default.  (Doc. 14).  The Court denied Plaintiff's motion on January 18, 2010, and allowed Plaintiff an opportunity to cure deficiencies in his initial Complaint.  (Doc. 16).  On February 29, 2012,  Plaintiff filed his Amended Complaint.  (Doc. 20).

On March 22, 2012, the Court entered an Order staying this case pending resolution of Defendant's bankruptcy proceedings.  (Doc. 23).  On March 5, 2013, the Court entered an Order lifting the stay and reopening the case.  (Doc. 29).  On April 12, 2013, Defendant's attorney, who represented Defendant during its bankruptcy proceedings, filed a Motion seeking to withdraw as counsel, and requested a period of fifteen days for Defendant to

---

[2]     While a defendant has a statutory right to represent himself in all courts of the United States, 28 U.S.C. §1654, the Eleventh Circuit has stated that "[t]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).  Additionally, Rule 2.03(d), Local Rules, United States District Court, Middle District of Florida states that "[a] corporation may appear and be heard only through counsel admitted to practice in the Court ...."

obtain new counsel.  (Doc. 34).

On April 15, 2013, the Court granted Defendant's Motion to Withdraw.  (Doc. 35). The Court again advised Defendant that it was required to obtain new counsel and file a notice of appearance.  Id.  Defendant was further advised that failure to comply with the Court's Order could result in sanctions, including entry of a default judgment.  Id.  When Defendant failed to obtain counsel, the Court directed Defendant to show cause and again advised Defendant that failure to do so could result in sanctions.  (Doc. 37).  Defendant continued to ignore the Court's Orders and, on June 20, 2013, a Clerk's default was entered against Defendant.  (Doc. 43).  On June 28, 2013, Plaintiff filed the instant Motion for Judgment After Default, (Doc. 45), which is now ripe for review.

## II.    STANDARD

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment.  First, when the defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. Fed. R. Civ. P. 55(a).  Second, after receiving the clerk's default, the court may enter a default judgment against the defendant for not appearing.  Fed. R. Civ. P. 55(b).  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue."  Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir. 1986).

A party's default is deemed an admission of the plaintiffs well-pleaded allegations of fact.  Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir.1987); see also Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant, by his default, admits the plaintiffs well-pleaded allegations of fact, is concluded on those facts

by the judgment, and is barred from contesting on appeal the facts thus established."). However, "a defendant's default does not in itself warrant the court entering a default judgment." <u>Nishimatsu</u>, 515 F.2d at 1206.  Rather, a sufficient basis must exist in the pleadings for the judgment entered.  <u>Id.</u>  Here, the Court finds Plaintiff's allegations, which are deemed true as a matter of law, are sufficient to establish Plaintiff's claim of discrimination under Title III of the ADA.

## III.    ANALYSIS

In order to prevail under Title III of the ADA, a plaintiff generally has the burden of proving: (1) that he is an individual with a disability; (2) that defendant is a place of public accommodation; and (3) that defendant denied his full and equal enjoyment of the goods, services, facilities or privileges offered by defendant (4) on the basis of his disability. <u>Schiavo ex rel. Schindler v. Schiavo</u>, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005) (citation omitted), aff'd, 403 F.3d 1289 (11th Cir. 2005).  "Further, if the claim alleges discrimination due to an architectural barrier, the plaintiff is also required to show that it is a barrier prohibited by the ADA, the removal of which is 'readily achievable.'"  <u>Pinero v. 4800 W. Flagler, L.L.C.</u>, 2011 WL 346082, at *3 (S.D. Fla. Jan. 11, 2011) (citation omitted).  "'Readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense."  42 U.S.C. § 12181(9); <u>see</u> <u>also</u> <u>Garthright-Dietrich v. Atlanta Landmarks, Inc.</u>, 452 F.3d 1269 (11th Cir. 2006) (applying the "readily achievable" standard).

Additionally, "[a] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.  A plaintiff must demonstrate: (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that

4

the public interest would not be disserved by a permanent injunction." <u>eBay Inc. v. MercExchange, L.L.C.</u>, 547 U.S. 388, 391, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006).  "To issue a permanent injunction under the ADA ... the Court must apply the same factors as it would in any other case in which a plaintiff sought a permanent injunction." <u>Wilson v. Broward Cnty., Fla.</u>, 2008 U.S. Dist. LEXIS 20017, 2008 WL 708180, at *1 (S.D. Fla. Mar. 14, 2008).

### A.   Whether Plaintiff's Pleadings Establish a Sufficient Basis for Default Judgment

The Court finds Plaintiff has alleged facts which, uncontested, allow him to prevail in his Title III ADA discrimination claim.  Plaintiff alleged he is disabled within the meaning of the ADA and is confined to a wheelchair for mobility purposes.  (Doc.  20, ¶ 2).  Accepted as true, this pleading satisfies the first element of Plaintiff's claim.  <u>See</u> <u>Dunn v. Gleason Four, Inc.</u>, 2:07-CV-314-FTM-29SP, 2007 WL 2447020 at *1-3 (M.D. Fla. Aug. 23, 2007) (finding plaintiff who alleged he was disabled within the meaning of the ADA and used a wheelchair for mobility purposes had alleged a qualifying disability).  Plaintiff also alleged Defendant was the owner, lessor, and operator of a retail strip center, (Doc. 20, ¶¶ 6,11), in satisfaction of the second element of his ADA discrimination claim.  42 U.S.C.A. § 12181(7)(E); <u>Lugo v. 141 NW 20th St. Holdings, LLC</u>, 878 F. Supp. 2d 1291, 1294 (S.D. Fla. 2012).  With regard to the third and fourth elements, Plaintiff alleged the existence of several specific architectural barriers which prevented his full and equal enjoyment of Defendant's property due to his disability.  (Doc. 20, ¶¶ 17,19).  Considered together, the pleadings allege a prima facie case of disability discrimination under Title III of the ADA. <u>See</u> <u>Lugo</u>, 878 F. Supp. 2d at 1294.

Because Plaintiff alleged discrimination due to architectural barriers, Plaintiff was

required to show removal of the barriers is readily achievable.  42 U.S.C.A. § 12182.

Plaintiff alleged Defendant's facility is well maintained, located on a busy street, and

generally busy.  (Doc. 20, ¶ 20).  Review of the specific barriers cited in Plaintiff's complaint

shows they are of a type generally considered to be readily achievable in such

circumstances.  See Dept. of Justice, ADA Title III Technical Assistance Manual (1993),

available at http://www.ada.gov/taman3.html (providing a list of twenty-one examples of

modifications that may be considered readily achievable); Gathright–Dietrich v. Atlanta

Landmarks, Inc., 435 F.Supp.2d 1217, 1234 (N.D.Ga.2005) aff'd 452 F.3d 1269 (11th Cir.

2006) (stating the "common character" of the examples in the Technical Assistance Manual

is that the "public accommodation is required to enhance minimally its existing facility.").

Based on the allegations and specific modifications sought in Plaintiff's Amended

Complaint, the Court finds removal of the architectural barriers is readily achievable.

Plaintiff was also required to demonstrate that issuance of permanent injunctive relief

is appropriate in this case.  Specifically, Plaintiff was required to show (1) he has suffered

an irreparable injury; (2) remedies available at law, such as monetary damages, are

inadequate to compensate for that injury; (3) considering the balance of hardships between

the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would

not be disserved by a permanent injunction."  eBay Inc., 547 U.S. at 391, 126 S.Ct. 1837.

Plaintiff' allegations support a finding that the first and second requirements for

injunctive relief are satisfied in this case.  Plaintiff alleged he attempted to gain access to

Defendant's property on several occasions, but the barriers cited in his Amended Complaint

prevented him from doing so.  (Doc. 20, ¶¶ 17,19, 21).  While this pleading supports a

finding of past discrimination, a Plaintiff seeking injunctive relief in an ADA case must also

allege facts supporting a plausible inference that he will continue to suffer discrimination in

6

the future.  Equal Access For All, Inc. v. Hughes Resort, Inc., 504CV178MCR, 2005 WL

2001740 (N.D. Fla. Aug. 10, 2005).  This burden is not satisfied by merely alleging "some

day" intentions to return without concrete plans or "any specification of when the some day

will be."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 564, 112 S. Ct. 2130, 2138, 119 L.

Ed. 2d 351 (1992) (emphasis omitted).  However, Plaintiff further alleged he lives within ten

miles of Defendant's property and visits the area frequently.  The proximity of Plaintiff's

residence to Defendant and the frequency of his travel in the area support Plaintiff's claim

that he is likely to experience discrimination in the future.  Fox v. Morris Jupiter Associates,

05-80689-CIV, 2007 WL 2819522 at (S.D. Fla. Sept. 25, 2007).

        The Court also believes the third and fourth factors for injunctive relief are satisfied in

this case.  The Court has already found the specific modifications sought in Plaintiff's

Amended Complaint are readily achievable.  Additionally, Plaintiff has alleged that the

public interest would be furthered by making Defendant's facility more readily available to

individuals with disabilities.  (Doc. 20, ¶ 21).  Indeed, "[g]iven that the nature of Title III is to

provide equitable redress to disabled individuals who experience discrimination in places of

public accommodation, it follows that the public interest would not be disserved by the

implementation of a permanent injunction to remove barriers to access, if a plaintiff can

establish such barriers exist and such barriers violate the ADA."  Hoewischer v. Cedar Bend

Club, Inc., 877 F. Supp. 2d 1212, 1225 (M.D. Fla. 2012) (stating).  Based on the pleadings

in Plaintiff's Amended Complaint and the specific modifications sought, the Court finds

injunctive relief is appropriate in this case.

        **B.    Attorney's Fees**

        Plaintiff also requests the Court's judgment enter an award of attorneys fees.  (Doc.

45, pp. 4-5).  Pursuant to the ADA, Plaintiff is entitled to an award of reasonable attorney's

fees and costs as a prevailing party. 42 U.S.C. § 12205; <u>Raetano v. Burzynski</u>, 808-CV-200-T-17-EAJ, 2009 WL 691921 (M.D. Fla. Mar. 13, 2009).  However, Plaintiff has not specified the amount sought or supplied the Court with an affidavit of the specific hours spent in preparing this case.  A fee applicant bears the burden of providing the Court with documentation from which the Court can determine an appropriate hourly rate and time spent in preparation of the party's case.  <u>Am. Civil Liberties Union of Georgia v. Barnes</u>, 168 F.3d 423, 427 (11th Cir. 1999).  Thus, the Court believes it is appropriate to retain jurisdiction over the amount of attorney's fees and costs so that Plaintiff may file a Motion for Attorney's fees and appropriate supporting material.  <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 395-96, 110 S. Ct. 2447, 2455-56, 110 L. Ed. 2d 359 (1990) (a federal court may consider collateral issues such as attorney's fees after an action is no longer pending).

## IV.    CONCLUSION

Accordingly, it is respectfully **RECOMMENDED:**

1.      Plaintiff's Motion for Entry of Judgment After Default (Doc. 45) be **GRANTED** as described herein.

2.      The Clerk be directed to enter final default judgment in favor of Plaintiff.

3.      Defendant be ordered to alter the subject facilities and make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

4.      Plaintiff be directed to file a Motion for Attorney's Fees wherein a separate determination of reasonableness shall be made.

**DONE AND ENTERED** in Jacksonville, Florida this  19th  day of July, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard,
United States District Judge

Counsel of Record
Any Unrepresented Party