UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NORMAN HOEWISCHER,

       Plaintiff,

v.                              CASE NO. 3:11-cv-769-J-34MCR

JOE'S PROPERTIES, LLC,

       Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Verified Application for

Attorney's Fees, Litigation Expenses and Costs ("Application") (Doc. 52), filed on

January 10, 2014.  As no response has been filed to date, and the time for filing a

response has passed, the undersigned considers the Application to be

unopposed.  Nevertheless, for the reasons stated herein, the undersigned

recommends that the Application be **GRANTED in part** and **DENIED in part**.

### I.    Background

This action was brought on August 2, 2011 pursuant to the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*  (Doc. 1.)  On June 20, 2013,

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

a Clerk's default was entered against Defendant, and on July 19, 2013, the

undersigned entered a Report and Recommendation on Plaintiff's motion for

default judgment.  (Docs. 44, 46.)  The undersigned recommended, *inter alia*, that

final default judgment be entered in favor of Plaintiff and against Defendant, and

Plaintiff be directed to file a separate motion for attorney's fees.  (Doc. 46 at 8.)

The Report and Recommendation of July 19, 2013 provided in relevant part:

> Pursuant to the ADA, Plaintiff is entitled to an award of reasonable
> attorney's fees and costs as a prevailing party.  42 U.S.C. § 12205;
> *Raetano v. Burzynski*, 8:08-CV-200-T-17-EAJ, 2009 WL 691921
> (M.D. Fla. Mar. 13, 2009).  However, Plaintiff has not specified the
> amount sought or supplied the Court with an affidavit of the specific
> hours spent in preparing the case. . . . Thus, the Court believes it is
> appropriate to retain jurisdiction over the amount of attorney's fees
> and costs so that Plaintiff may file a Motion for Attorney's fees and
> appropriate supporting material.

(*Id.* at 7-8.)  On December 9, 2013, the Court adopted the July 19, 2013 Report

and Recommendation and, *inter alia*, directed Plaintiff to file a motion for

attorney's fees wherein a separate determination of reasonableness shall be

made.  (Doc. 48.)

On January 10, 2014, following entry of final default judgment in Plaintiff's

favor (*see* Doc. 49), Plaintiff filed the present Application, seeking an award of

attorney's fees in the amount of $5,495.00 (based on an hourly rate of $350.00

for 15.7 hours), expert fees in the amount of $1,953.06 (based on an hourly rate

of $185.00 for 10.5 hours, plus $10.56 for photocopies), and costs in the amount

of $433.75 (including $350.00 for the filing fee, $43.75 for photocopies, and

$40.00 for the service of process fee).  (Docs. 52, 52-1.)

## II.   Analysis

### A.   Attorney's Fees[2]

Regarding the amount of fees, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."  *Id.*

### 1.   Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates."  *Id*.  "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence."  *Id.*  "It is perfectly proper to award attorney's fees based solely on affidavits in the record."  *Id.* at 1303.

"The general rule is that the relevant market for purposes of determining

---

[2] Plaintiff's entitlement to attorney's fees was addressed in the July 19, 2013 Report and Recommendation.  Therefore, the undersigned will now address the reasonableness of the requested fee.

the reasonable hourly rate for an attorney's services is the place where the case is filed." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (internal quotations omitted); *Ceres Environ. Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 202 (11th Cir. Apr. 25, 2012). "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *Barnes*, 168 F.3d at 437.

The court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* In determining the reasonableness of the hourly rate, the court may also consider the twelve factors[3] enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Loranger v. Stierheim*, 10 F.3d 776, 781 n.6 (11th Cir. 1994) (per curiam). "There is no precise rule or formula for making these determinations." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 Fed. App'x 161, 164 (11th Cir.

---

[3] The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

2008) (per curiam) (citing *Hensley*, 461 U.S. at 436-37).

Plaintiff's fee request is based on an hourly rate of $350.00 for the legal services of Todd W. Shulby, Esquire.  (Doc. 52.)  Although Plaintiff bears the burden of producing evidence in support of the requested hourly rate, Plaintiff has failed to do so.  Plaintiff relies heavily on his own analysis of the *Johnson* factors, which supposedly support the reasonableness of $350 per hour, as well as on Mr. Shulby's unsworn declaration, which provides that his "current reasonable hourly rate for legal services rendered is $350.00."  (Doc. 52-3 at 3; Doc. 52 at 6-9.)  Plaintiff also cites to decisions from other districts in Florida and other jurisdictions in support of the requested hourly rate.[4]  (Doc. 52 at 3-5.)  However, the relevant legal community in this case is the Middle District of Florida, and Jacksonville in particular.  Significantly, Plaintiff does not cite to any other case in this District in which Mr. Shulby has been awarded an hourly rate of $350.00 for his services, and he has not presented any third-party affidavits showing what the prevailing market rates are in this District for similar work performed by attorneys with comparable experience.

The only case Plaintiff cites from this Court in which the reasonableness of

---

[4] Plaintiff's incomplete citations make it impossible for the Court to determine which courts allegedly awarded Mr. Shulby, or another attorney, hourly rates ranging from $325 to $385.  (*See* Doc. 52 at 3-4.)  It is also interesting that although Plaintiff cites to *Hoewischer v. Shopping Center Developers of Florida, Inc.*, Case No.: 3:12-cv-106-J-32TEM (M.D. Fla. Mar. 1, 2013), in support of an hourly rate of $420, the District Judge in that case actually reduced the recommended rate of $420 to $250 per hour.

Mr. Shulby's hourly rate was at issue is *Hoewischer v. Khazraee*, Case No.: 3:11-cv-264-J-34MCR (M.D. Fla. Mar. 16, 2011).  In that case, the undersigned recommended, and Judge Howard agreed, that a reasonable hourly rate for Mr. Shulby's work was $300.  (*See* Docs. 41 & 42 in Case No.: 3:11-cv-264-J-34MCR.)  Other courts in the Jacksonville Division have also determined an hourly rate of $300 to be reasonable for attorneys with comparable experience in similar ADA cases.  *See, e.g.*, *Nat'l Alliance for Accessibility, Inc. v. Hull Storey Retail Grp., Inc.*, Case No.: 3:10-cv-778-J-34JBT, 2012 WL 3853520, at *3-4 (M.D. Fla. June 28, 2012), adopted at 2012 WL 3853455 (M.D. Fla. Sept. 4, 2012) (finding $300 to be a reasonable rate); *Hoewischer v. T.F. Cowart Trust*, Case No.: 3:11-cv-365-J-34MCR (M.D. Fla. June 8, 2012) (Doc. 33) (recommending hourly rates of $250 and $300).  In light of those decisions and the Court's own knowledge and experience, the undersigned recommends that an hourly rate of $300.00 for Mr. Shulby's work is reasonable in this case.

## 2.    Reasonable Number of Hours

Plaintiff seeks payment for 15.7 hours of work by Mr. Shulby.  (Doc. 52-1 at 6.)  Upon review of Mr. Shulby's billing records, the undersigned recommends the time for which Plaintiff seeks compensation was necessarily and reasonably spent in litigating this case.[5]  Multiplying these hours by the hourly rate of $300.00

---

[5] Although Mr. Shulby has spent a total of 17 hours on this case, Plaintiff seeks compensation for only 15.7 hours.  (*See* Doc. 52-1 at 2-6.)

6

produces a total fee of $4,710.00.  Therefore, the lodestar in this case is

$4,710.00.  Although the Court may adjust the lodestar, the undersigned's

independent review of the record does not demonstrate that it would be justified.

Therefore, the undersigned recommends that Plaintiff be awarded fees in the

amount of $4,710.00.

### B.     Costs and Litigation Expenses

Plaintiff seeks reimbursement for the following costs and litigation

expenses: $1,953.06 for expert witness fees (based on an hourly rate of $185.00

for 10.5 hours, plus $10.56 for photocopies), $350.00 for the filing fee, $43.75 for

photocopies, and $40.00 for service of process.  (Docs. 52, 52-1.)

First, although Plaintiff seeks reimbursement for $1,953.06 for expert

witness fees based on an hourly rate of $185.00, the undersigned believes this

hourly rate is excessive in light of other decisions from this District awarding an

hourly expert rate of $150.00, and Plaintiff's lack of support to justify the

requested hourly rate.  *See, e.g.*, *Hoewischer*, Case No.: 3:11-cv-365-J-34MCR

(Doc. 33 at *12 (recommending an hourly rate of $150.00 for the expert's services

and citing additional cases from the Middle District of Florida in support of the

reduction)).  Therefore, the undersigned recommends reducing the expert's

hourly rate to $150.00.  With respect to the expert's time, the undersigned

believes the hours expended are reasonable.  Accordingly, Plaintiff should be

reimbursed for 10.5 hours at a rate of $150.00 per hour, plus $10.56 for

photocopies, for a total of $1,585.56 for expert fees.

Finally, the undersigned recommends that the remaining costs and expenses be reimbursed as they are recoverable pursuant to either 28 U.S.C. § 1920 or 42 U.S.C. § 12205, and they are unopposed and minimal.

### III.  Conclusion

Based on the foregoing, the undersigned recommends that Plaintiff be awarded attorney's fees in the amount of $4,710.00, and costs and litigation expenses in the total amount of $2,019.31 ($1,585.56 for expert witness services,$350.00 for the filing fee, $43.75 for photocopies, and $40.00 for service of process).

Accordingly, it is respectfully **RECOMMENDED** that:

1.     The Application (**Doc. 52**) be **GRANTED** only to the extent that Plaintiff be awarded attorney's fees in the amount of $4,710.00, and costs and litigation expenses in the amount of $2,019.31, and **DENIED** in all other respects.

2.     The Clerk of Court be **DIRECTED** to enter judgment in favor of Plaintiff Norman Hoewischer, and against Defendant Joe's Properties, LLC, for attorney's fees in the amount of $4,710.00, and costs and litigation expenses in the amount of $2,019.31.

**DONE AND ENTERED** at Jacksonville, Florida, on February 7, 2014.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Any Unrepresented Party

Counsel of Record

9